# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV18-04815-RGK (KSx) | Date | August 9, 2018 |
| Title | ***ALEXIS CADENAS v. FORD MOTOR COMPANY, et al*** | | |

| | |
|---|---|
| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |

| | |
|---|---|
| Sharon L. Williams (Not Present) | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS) Order Re Motion to Remand (DE 18)**


On September 13, 2017, Alexis Cadenas ("Plaintiff"), filed suit against Ford Motor Company ("Defendant") for alleged injury arising from the purchase of a vehicle manufactured and distributed by Defendant. In his Complaint, Plaintiff asserts claims under the California "Lemon Law" statute, state common law, and the Magnuson-Moss Warranty Act.

On May 31, 2018, Defendant removed the action to federal court on the grounds of diversity of citizenship and federal question. Plaintiff now moves for an order remanding the action. The grounds upon which Plaintiff seeks relief are: (1) Defendant's failure to show diversity jurisdiction, and (2) untimeliness of the removal.

It is well-established that a defendant must file a notice of removal within 30 days after the receipt of the first pleading in the state action that sets forth a removable claim. 28 U.S.C. 1446(b)(1). Where removability is uncertain, the 30-day period starts from the point at which the defendant had notice that the action is removable. *Id*.

Here, it is clear that Plaintiff's initial complaint stated a claim under the Magnuson-Moss Warranty Act, a federal statute. Therefore, the removability of this action, based on a federal question, appeared on the face of the initial complaint. It is undisputed that Plaintiff filed this pleading on September 13, 2017. While neither party states the date upon which Defendant received the complaint, California Rule of Court 3.110 mandates that a complaint must be served within 60 days after its filing. Therefore, it is reasonable to infer that Defendant received the complaint no later than November 13, 2017, more than six months prior to its notice of removal. Even if the Court relies solely on dates provided by the parties in the briefs, Defendant states that on April 24, 2018, it offered Plaintiff $75,001 in return for a dismissal of the action. (Def's Opp'n, 10:20-22.) In the unlikely event that Defendant did not receive the complaint until the same date it made the settlement offer, Defendant's notice of removal

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV18-04815-RGK (KSx) | Date | August 9, 2018 |
|---|---|---|---|
| Title | ***ALEXIS CADENAS v. FORD MOTOR COMPANY, et al*** | | |

is still untimely, as it was filed after the 30-day period.

Based on the foregoing, the Court finds that Defendant failed to timely remove this action. As Plaintiff has timely challenged this procedural defect, remand is warranted. The Court **grants** Plaintiff's motion. This action is hereby remanded to state court for all further proceedings.

**IT IS SO ORDERED.**

           : _____

Initials of Preparer _____